JAMAICA POND ICE COMPANY *vs.* BOSTON ICE COMPANY.

Suffolk.    November 11, 1896. — June 16, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Construction of Contract.*

A city took A.'s property for the purpose of a public park, and granted him permission to occupy the premises until a certain date, upon condition that interest on the damages to be recovered should be waived from the date of the taking to such other date. A. then executed an indenture with B., by which A. covenanted that B. might occupy the premises in A.'s place for such time as the city had agreed or might agree with A. that they might be so occupied; and B. covenanted that he would pay A. a sum equal to six per cent per annum upon the amount of the damages sustained by A. by the taking of his property, computed from a day named to the end of any term for which the city might agree with A. that the premises might be so occupied. Afterwards the city extended the time during which A.. might occupy the premises free from rent, and the damages for the taking were agreed upon between the city and A., judgment was entered for the same, and they were paid before the expiration of such time. *Held*, in an action upon the indenture by A. against B., that the indenture was not to be so construed as to add to the amount of damages determined by the judgment an estimated value of the occupation permitted by the city after the payment of the damages as the total on which the six per cent rental to be paid by B. to A. was to be computed.

CONTRACT, to recover a sum alleged to be due under the terms of an indenture executed by the plaintiff and the defendant. Trial in the Superior Court, without a jury, before *Dunbar*, J., who found for the plaintiff; and reported the case for the determination of this court. The facts appear in the opinion.

*R. Stone*, for the defendant.

*F. E. Snow*, for the plaintiff.

FIELD, C. J.    On January 17, 1894, the parties to the petition for the assessment of the damages to be paid for the taking of the Prince Street property of the Jamaica Pond Ice Company, filed in court the following agreement: " Jamaica Pond Ice Company, Petitioner, v. City of Boston. In the above entitled action, it is hereby agreed that the damages sustained by the petitioner are eighty-six thousand two hundred and fifty (86,250) dollars,

and judgment is to be entered for the Jamaica Pond Ice Company for the amount of said damage, without interest, and execution is to issue forthwith." Judgment was entered accordingly, and the amount of the judgment was paid to the Jamaica Pond Ice Company by the city of Boston on the same day. This agreement for judgment was entered into pursuant to a vote of the Board of Park Commissioners, passed on January 15, 1894, as follows: " City of Boston, in Board of Park Commissioners, January 15, 1894. Voted, that the city solicitor be authorized to settle the suits of the Jamaica Pond Ice Company against the city of Boston by agreeing to a judgment on the auditor's award in the Pond Street property case, — and for $86,250 in the Prince Street case, — and it is further agreed in the last mentioned case, that the said Ice Company is to be allowed to occupy the icehouse on Prince Street free from all claim for rent until December 1, 1894."

There was evidence that on December 24, 1892, and on January 9, 1893, the Board of Park Commissioners took the Prince Street property for the purpose of a public park. On April 24, 1893, the Board of Park Commissioners passed the following vote : " City of Boston, in Board of Park Commissioners, April 24, 1893. A communication was received from the Jamaica Pond Ice Company, requesting permission to occupy until November 1, 1894, the premises taken from said company December 24, 1892, with the rights and privileges set forth in chapter 371 of the Acts of 1892 authorizing said taking, and suggesting that such use and occupation be in lieu of the interest from the time of said taking to November 1, 1894, to which it may be entitled upon the amount of damages sustained by it by reason of said taking ; and it was voted, that the privilege to occupy said premises to November 1, 1894, is conceded on condition that interest be waived from the date of taking to November 1, 1894, upon the amount of damages recovered."

On April 27, 1893, the Jamaica Pond Ice Company, as party of the second part, made an indenture with the Boston Ice Company, as party of the first part, and covenanted that " it will allow the party of the first part to use and occupy for its own benefit " both the Pond and Prince Streets properties, " in place

of or as representing the party of the second part in such manner and for such time as said board [of Park Commissioners] have agreed or may agree with the party of the second part that the same may be so used and occupied." The Boston Ice Company covenanted as to the Prince Street property as follows: " That it will pay to the party of the second part absolutely and at all events such sum of money as equals six per centum per annum upon the amount (however determined by and between said city and the party of the second part, whether by judicial proceeding, agreement, compromise, or otherwise) of the damages sustained by the party of the second part by said taking of said Prince Street property, computed for a period beginning with said first day of April, 1893, and ending with the expiration of any term for which said board may agree with the party of the second part that said Prince Street property may be used or occupied for the purposes of the ice business, such payment to be made by the party of the first part at the end of the period for which said interest is to be computed as aforesaid, if the amount of said damages sustained by said taking of said Prince Street property shall then have been determined as aforesaid; otherwise, upon such determination of the amount of such damages."

After the present suit was brought, the Boston Ice Company paid the plaintiff the sum of $8,625, on account of the plaintiff's claim, which sum is six per cent per annum on $86,250, computed from April 1, 1893, to December 1, 1894.

The claim of the plaintiff is, that the amount of the damages on which under the indenture the six per cent per annum is to be computed should include not only the $86,250 paid to it by the city, but also the value of the occupation from January 17, 1894, to December 1, 1894, which occupation was allowed to the plaintiff as a part of the settlement. This value it estimates to be $4,513.16, which is six per cent per annum on $86,250, computed from January 17, 1894, to December 1, 1894. Six per cent per annum on this sum of $4,513.16, computed from April 1, 1893, to December 1, 1894, is $451.31, or, as stated in the report, $451.35, and the justice of the Superior Court has found *pro forma* for this sum in favor of the plaintiff, with interest from the date of the writ.

The report concludes as follows: " If said finding is warranted

by any of the foregoing evidence which was competent, said find-
ing is to stand, and judgment to be entered in accordance there-
with; otherwise, judgment is to be entered for the defendant."

When the indenture was entered into, the plaintiff company
had permission from the Board of Park Commissioners to occupy
the premises to November 1, 1894, on condition that interest on
the damages to be recovered should be waived from the date of
the taking to said November 1.   This enabled that company to
let the premises to the defendant company "for such time as
said board have agreed or may agree with the party of the sec-
ond part that the same may be so used and occupied."   The
parties must have understood that under the indenture the six
per cent per annum to be paid as rental would be computed
upon the amount recovered as damages for the property taken,
without any interest being added to the damages from the date
of the taking to November 1, 1894, or to such time as the board
by agreement might permit the plaintiff to occupy, even although
the total amount to be paid by the city might be determined
after the occupation had ceased.   The parties probably had in
mind the amount of the damages sustained by the taking, esti-
mated as of the time of the taking, without any addition of inter-
est on account of delay in determining the damages and obtaining
payment for them.   The ultimate agreement extended the time
of occupation to December 1, 1894.   This was a benefit to the
plaintiff, as the defendant would be compelled to pay rental for
a longer time.   But the indenture cannot be so construed as to
add to the amount of damages actually agreed upon and deter-
mined by the judgment against the city of Boston an estimated
value of the occupation permitted by the city after the payment
of the damages as the total on which the six per cent rental is
to be computed.   There are no words in the indenture which
admit of any such construction.   It is mere conjecture whether
anything was allowed for this occupation in determining the
damages, or what the damages recovered would have been if no
such occupation had been permitted.   The Jamaica Pond Ice
Company has had the benefit of the use of the money paid by
the city before it was compelled to give up the occupation, and
has had the benefit of the occupation in the rent paid by the
defendant, and although it may have been induced to agree

upon the amount of the damages by the permission given to occupy to December 1, 1894, yet the judgment rendered in the petition must be held to fix the amount of the damages within the meaning of the indenture.

In accordance with the terms of the report, there must be judgment for the defendant.                    *So ordered.*